IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EARL BARBER, #99256** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-01003-SMY |
| | ) |
| **KRISTOPHER THARP, and** | ) |
| **PAUL SARHAGE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Earl Barber and 12 other individuals filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights at Madison County Jail. The claims were severed into thirteen separate actions. (Doc. 1). This case is now before the Court for preliminary review of the Complaint (Doc. 2) on Barber's claim under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 2): Plaintiff's entire cell block at Madison County Jail ("Jail") was placed on lockdown on July 29, 2021 when Lieutenant Sarhage smelled smoke. Without investigating the matter, issuing any disciplinary tickets, or conducting a disciplinary hearing, all detainees in the block were punished with a thirty-day lockdown and commissary restriction. For some of this time, inmates could not purchase stamps and other supplies.

Two weeks before the incident, Captain Tharp issued a memorandum to notify detainees that staff recently observed inmates attempting to start "small fires." Tharp made it clear that this

conduct would not be tolerated. He instructed detainees to report such incidents immediately and warned them that failing to do so would result in a "non-negotiable thirty (30) day lockdown of the block where the incident occurs," as well as a loss of commissary privileges for the same time period. He added that this thirty-day punishment was only a starting point and could be extended.

When several inmates filed grievances to complain about their punishment in July and August 2021, Tharp instructed detainees not to "waste my time or yours writing me telling me how unfair things are [because] [t]here will be no discussion on the matter." Tharp emphasized that his top priority was the safety of the inmates.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment claim against Defendants Tharp and Sarhage for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with a thirty-day lockdown and commissary restriction after Sarhage smelled smoke in the cell block on or around July 29, 2021.
>
> Count 2: First and/or Fourteenth Amendment claim against Defendants Tharp and Sarhage for depriving Plaintiff of access to the courts by denying him stamps for use in contacting an attorney beginning on or around July 29, 2021.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

A Fourteenth Amendment due process claim arises when the state deprives a person of a constitutionally protected interest in "life, liberty, or property" without due process of law.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" is a sufficient deprivation of liberty to give rise to due process protections. *See Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee cannot be placed in segregation or lockdown segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999).

A person who is lawfully detained in pretrial confinement is nevertheless subject to certain restrictions on his liberty. *See Rapier*, 172 F.3d at 1003. In particular, the state may take reasonable measures to effectuate pretrial detention, and this includes steps necessary to maintain safety and security at the facility. *Id*. As long as these measures are reasonably related to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

Tharp's memo refers to small fires that inmates were caught starting in early July 2021, and it threatens consequences for failing to report future attempts to start fires. Plaintiff's Complaint characterizes the lockdown and commissary restrictions as "punishment" for the smell of smoke on July 29, 2021. Given that his placement in lockdown and commissary restrictions lasted thirty days, he may have been subject to punishment. And, according to Plaintiff, he received no due process protections, such as notice or a hearing, before or after the punishment occurred. Plaintiff has stated a colorable claim, and Count 1 will be allowed to proceed against both defendants.[1]

---

[1] This analysis hinges on Plaintiff's classification as a pretrial detainee when the punishment occurred. If further factual development reveals that he was a convicted prisoner at the time, the standard set forth in *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013), and *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009), governs this claim and may warrant dismissal of Count 1.

**Count 2**

Convicted persons and pretrial detainees have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977) (convicted persons); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993) (pretrial detainees). A claim for denial of access to the courts involves two elements. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Id.*; *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

Plaintiff's allegations only address the first element of this claim. He complains of the denial of access to stamps beginning July 29, 2021. However, he does not indicate that this temporary lack of access to stamps impeded him from pursuing a meritorious claim in court. By all indications, it did not. He filed this lawsuit on August 11, 2021, and he refers to no other lawsuit or claim he was unable to pursue. Given the lack of any allegations to support the second component of this claim, Count 2 will be dismissed without prejudice for failure to state a claim.

**Disposition**

Count 1 will proceed against Defendants Kristopher Tharp and Paul Sarhage. Count 2 is **DISMISSED without prejudice** for failure to state a claim for relief.

The Clerk of Court shall prepare for Kristopher Tharp and Paul Sarhage: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this

Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 13, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**