IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL BARBER #Y50586, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-1003-SMY |
| | ) |
| KRISTOPHER THARP, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Earl Barber, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983.[1] He claims the defendants deprived him of a protected liberty interest and violated the Fourteenth Amendment at the Madison County Jail by punishing him with a thirty-day lockdown and commissary restriction when they smelled smoke in his cell block (Doc. 13).

The case is now before the Court for consideration of Kristopher Tharp and Paul Sarhage's motion for summary judgment (Doc. 30). Plaintiff did not respond.[2] For the following reasons, the motion is **DENIED**.

## Factual Background

Construed in the light most favorable to Plaintiff, the evidence and reasonable inferences establish the following facts relevant to the pending motion: starting on July 20, 2021, Plaintiff

---

[1] This case was severed from one filed by 13 inmates who were housed together in South B-block of Madison County Jail. *See Evans v. Tharp, et al.*, No. 21-cv-00905-JPG (S.D. Ill. filed Aug. 17, 2021).

[2] In a Rule 56 Notice entered when Defendants filed their motion for summary judgment, the Court explained that "[i]f a party fails . . . to properly address another party's assertion of fact" in a motion for summary judgment, the Court may "consider the fact undisputed for purposes of the motion" pursuant to Rule 56(e) of the Federal Rules of Civil Procedure (Doc. 31). Because Plaintiff filed no response, the Court accepts Defendants' findings of fact as undisputed. *See* Fed. R. Civ. P. 56(e).

was detained at the Madison County Jail (Doc. 30-1 at 10:3-6).  Defendant Sarhage had previously disseminated a memorandum on July 14, 2021, informing the inmates that if the officers smelled smoke in the jail, they would impose a 30-day lockdown (Doc. 30-1 at 12:13-17).  Plaintiff believes that Defendant Tharp wrote this memorandum but did not provide it to Plaintiff upon his arrival in jail (Doc. 30-1 at 14:1-10).

On July 29, 2021, Plaintiff's cell block went into lockdown (Doc. 30-1 at 12:2-8).  He was at a table, playing cards, when the lockdown began (Doc. 30-1 at 13:19-23).  The reason for the lockdown was that Defendant Sarhage had smelled smoke in the cell block (Doc. 30-1 at 12:11-24).  Plaintiff protested that he had never received any memorandum about any lockdowns (Doc. 30-1 at 12:19-24).  Plaintiff further protested that he did not smell smoke and that even if there was smoke, it could be coming from an alternate cell block (Doc. 30-1 at 13:5-18).  Nevertheless, the lockdown continued for 30 days and Plaintiff lost weight due to not being able to access the commissary and not being able to exercise while in lockdown (Doc. 30-1 at 14:13-16).

On August 19, 2021, Plaintiff filed a Madison County Jail Grievance Form detailing the above facts, reiterating that he did not know about the smoke policy, and asking for compensation (Doc. 30-2).

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact — that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986).  If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).  Any doubt as to the existence of a

genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

The Fourteenth Amendment guarantees a right to procedural due process protections when the state deprives a person of a constitutionally protected interest in "life, liberty, or property." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" is a sufficient deprivation of liberty to trigger due process protections. *See Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard. *Rapier v. Harris,* 172 F.3d 999, 1004-1005 (7th Cir. 1999). But no due process is required if the segregation is not punishment and was done for managerial reasons. *Id.* at 1002-1006.

The government may take reasonable measures to effectuate pretrial detention, including those steps necessary to ensure safety and security at the facility. *Johnson v. Murray*, -- F.4th --, 2024 WL 208152 (7th Cir. Jan. 19, 2024). When the measures are rationally related to the orderly management of that facility, they are not considered punishment for the crime the detainee is charged with committing. *Rapier*, 172 F.3d at 1003 (citing *Bell v. Wolfish*, 441 U.S. 520, 540 n. 23 (1979)). That is, inmates may be placed in segregation for protection from other inmates or other purposes that are "indeed a preventative rather than a punitive one." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2022). In such cases, a hearing would not be practicable or useful, because "managerial decisions do not have the character of rulings applying legal standards to facts, the kind of rulings for which adjudicative hearings are designed." *Id.*

Here, the 30-day lockdown was not trivial as Plaintiff was required to stay in his cell and could not socialize with other inmates or engage in programming. He could not "really exercise

because the cells are so small," and lost weight because the commissary was restricted (Doc. 30-1 at 14:13-16). Although Defendants assert that the 30-day lockdown was managerial and not punishment, the record is too sparse at this juncture for the Court to grant summary judgment on that basis. There is no explanation in the record as to what type of smoke Defendant Sarhage smelled (such as marijuana, tobacco, faulty radiators, fire), for how long the smoke lingered, any investigation of the smoke, and why a 30-day lockdown was necessary as a result of smelling smoke. *Id.* (holding that it was unclear as to whether a lockdown was managerial when there was no evidence "on why [its length was] 34 days rather than 24 or 44"). A reasonable jury could believe Plaintiff's account that there was no smoke. Moreover, given the length of the lockdown and the stated reason – 30 days for the possible, unconfirmed odor of smoke in a cell block that could have originated from an unrelated source – a reasonable jury could find that it was punitive, and therefore required a hearing. *Rapier*, 172 F.3d at 1004-1005. However, Plaintiff had no constitutional right to obtain items from a commissary during the lockdown. *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir. 1997) (denial of commissary privileges does not implicate liberty interest).

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment (Doc. 30) is **DENIED**. The case will be set for a status conference by separate order.

**IT IS SO ORDERED.**

**DATED: March 12, 2024**            *s/ Staci M. Yandle*
                                     **STACI M. YANDLE**
                                     **United States District Judge**